# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

LARRY E. EZELL                                               Case No.  05-38219
REGINA A. EZELL

              Debtors

## MEMORANDUM ON
## MOTIONS FOR STAY PENDING APPEAL

**APPEARANCES:**   RICHARD M. MAYER, ESQ.
                             1111 Northshore Drive, Suite S-570
                             Knoxville, Tennessee  37919
                             Attorney for Debtors

                             HUSCH & EPPENBERGER, LLC
                             Holly N. Knight, Esq.
                             Christopher M. Kerney, Esq.
                             2525 West End
                             Suite 1400
                             Nashville, Tennessee  37203
                             Attorneys for JPMorgan Chase Bank, N.A.

                             GWENDOLYN M. KERNEY, ESQ.
                             Post Office Box 228
                             Knoxville, Tennessee  37901-0228
                             Chapter 13 Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Presently before the court are two Motions to Stay Pending Appeal (collectively, Motions for Stay) filed on April 5, 2006, by JPMorgan Chase Bank, N.A. (Chase), seeking a stay of (1) the Order Confirming Chapter 13 Plan entered on March 17, 2006; and (2) the Order entered March 13, 2006, overruling the Objection to Confirmation of Plan and Plan Terms Filed By JPMorgan Chase Bank, filed on December 2, 2005.

I

The Debtors commenced their case under Chapter 13 of the Bankruptcy Code on November 8, 2005. On the date of filing, Chase held a claim in the amount of $24,942.07, secured by a 2003 Nissan Xterra (Xterra). The Debtors' Chapter 13 Plan proposed surrender of the Xterra "in full satisfaction of the debt owing." Chase objected to this treatment, and the parties posed to the court the question "[w]hether 11 U.S.C. § 1325(a)(5), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") of 2005, effective on October 17, 2005, allows the Debtors to surrender JPMorgan Chase Bank's collateral in full satisfaction of its claim." In its Memorandum on Objection to Confirmation Filed By JPMorgan Chase Bank N.A., filed in conjunction with its March 13, 2006 Order overruling Chase's objection to confirmation, the court found that the Bankruptcy Code, as revised by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, allows the Debtors to surrender the Xterra to Chase in full satisfaction of the debt. Accordingly, on March 17, 2006, the court confirmed the Debtors' Chapter 13 Plan pursuant to the Order Confirming Chapter 13 Plan.

On March 23, 2006, Chase filed a Notice of Appeal and an Amended Notice of Appeal appealing the March 13, 2006 Order overruling its objection to confirmation, and on March 27,

2006, it filed a Notice of Appeal appealing the Order Confirming Chapter 13 Plan entered on March 17, 2006. Along with the Notices of Appeal, Chase also filed Requests for Certification for Direct Appeal to the United States Court of Appeals for the Sixth Circuit. Thereafter, on April 5, 2006, it filed the Motions for Stay, each consisting of a single paragraph, averring that it "will suffer irreparable harm if the stay is not granted as it will effectively lose any payments to which it would be entitled if its deficiency claim is allowed." The Motions for Stay were not accompanied by supporting briefs.

## II

The Motions for Stay are governed by Federal Rule of Bankruptcy Procedure 8005, which states, in material part:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court . . . reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

FED. R. BANKR. P. 8005. Whether to grant a motion for a stay pending appeal is within the court's discretion. *In re Level Propane Gases, Inc.*, 304 B.R. 775, 777 (Bankr. N.D. Ohio 2004).

In making its determination, the bankruptcy court looks to the following factors:

> [W]e consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Stephenson v. Rickles Elecs. & Satellites (In re Best Reception Sys., Inc.)*, 219 B.R. 988, 992 (Bankr. E.D. Tenn. 1998) (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "These factors are to be balanced." *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002); *see also Best Reception Systems*, 219 B.R. at 993. As the movant, Chase bears the burden of proving each factor by a preponderance of the evidence. *Level Propane Gases*, 304 B.R. at 777.

In *Griepentrog*, the Sixth Circuit Court of Appeals sets forth the following standard for the balancing test:

> [A] motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.
>
> To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."
>
> . . . .
>
> Of course, in order for a reviewing court to adequately consider these four factors, the movant must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist. This, in turn, develops an adequate record from which we can determine the merits of the motion.

*Griepentrog*, 945 F.2d at 153-54 (internal citations omitted).  In summary,

> [t]he strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue.  However, in order to justify a stay of the district court's ruling, the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted.

*Baker*, 310 F.3d at 928.

*Griepentrog* does not require the court to balance each of the four factors equally; however, Chase must demonstrate, at a minimum, that it stands more than a mere possibility of success in its appeal.  To this end, Chase has offered nothing, by argument or otherwise, regarding its likelihood of success on appeal.  While there is an "inherent conflict of a rendering court determining the probability that its own judgment will or will not be reversed on appeal," *In re Cacioli*, 302 B.R. 429, 431 (Bankr. D. Conn. 2003), Chase must nevertheless offer something to demonstrate to the court a likelihood that it will succeed on the merits of its appeal in order to justify granting the Motions for Stay.  The court recognizes that this appeal addresses issues of first impression; however, that alone does not satisfy any level of proof necessary for a stay.  As discussed, Chase has offered nothing by way of a brief or otherwise to suggest that this bankruptcy court has erred in its holding on the issues raised in the Motions for Stay, much less by a preponderance of the evidence.

On the other hand, Chase does argue that it will be irreparably harmed if a stay is not granted, as it will lose payments to which it would be entitled under the plan in the event that its appeal is successful, and this court's ruling is reversed.  With respect to irreparable harm, the Sixth Circuit has stated the following:

5

>   In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that
>
>>   [t]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.
>
>   In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.

*Griepentrog*, 945 F.2d at 154 (quoting *Sampson v. Murray*, 94 S. Ct. 937, 953 (1974)).

Once again, however, Chase has offered nothing substantive to support its claim that it will lose payments to which it will be entitled under the Debtors' plan in the event that its appeal is successful, nor does the court find that Chase will suffer any harm if a stay is not granted. First, on March 2, 2006, the parties entered into an Agreed Order Granting Relief From the Automatic Stay and Abandonment of Property, in which they stipulated that the retail value of the Xterra is $17,750.00, its wholesale value is $15,050.00, and Chase's pre-liquidation claim amount is $24,942.07. The Agreed Order also states that, in the event it is later determined that Chase is entitled to an unsecured deficiency claim following sale of the Xterra, it has ninety days following such determination to file its deficiency claim. The terms of this Agreed Order protect Chase's interest in the event that its appeal is successful, and it is allowed a deficiency claim. It is additionally anticipated that resolution of the appeal should occur well before expiration of the thirty-six month period of the Debtors' plan, which provides for a dividend of less than 5% to

unsecured creditors. Based upon the values stipulated by the parties, any deficiency claim to which Chase would be entitled is not so significant that the Chapter 13 Trustee could not accommodate it at a later date. Accordingly, the court finds Chase's statement that "it will effectively lose any payments to which it would be entitled if its deficiency claim is allowed" is not supported by the record, but instead, is "speculative and theoretical." *Griepentrog*, 945 F.2d at 154.[1]

Finally, with respect to the third factor, Chase states that no third parties will be harmed if the stay is granted. Chase suggests that the Chapter 13 Trustee may simply withhold from distribution to unsecured creditors funds sufficient to cover the amounts which would be disbursed to Chase if it were allowed a deficiency claim, holding these amounts in trust pending the appeal. Then, in the event that Chase's appeal is successful, the Chapter 13 Trustee would disburse the funds to Chase, or, if the appeal is unsuccessful, she would release the funds to the Debtors' general unsecured creditors. Although the court generally agrees with Chase's assessment that operation of a stay in this manner will not cause harm to third parties, this factor alone is not sufficient to justify granting a stay pending appeal. As previously stated, the term of the Debtors' plan is thirty-six months, during which time this appeal should be resolved.

In summary, because Chase has failed to demonstrate either a likelihood of success on the merits of its appeal, as well as providing no evidence that it will suffer certain, immediate, likely, or irreparable harm, the Motions for Stay shall be denied.

---

[1] Chase does not mention anything with respect to the fourth factor, public interest, as there is clearly no implication against public interest irrespective of the appeal in this case as to whether the Chapter 13 Trustee withholds funds to possibly disburse to Chase in the event its appeal is successful.

An order consistent with this memorandum opinion will be entered.

FILED: April 13, 2006

                                        BY THE COURT

                                        */s/  RICHARD STAIR, JR.*

                                        RICHARD STAIR, JR.
                                        UNITED STATES BANKRUPTCY JUDGE